756 So.2d 328 (1999)
Frances JOHNSON
v.
Bernard J. HARDY, Rev. Eddie Johnson, Mrs. Eddie Johnson, and Joseph Whittington.
No. 98 CA 2282.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*329 Stephen E. Broyles, Baton Rouge, Counsel for Plaintiff/Appellant Frances Johnson.
Bernard J. Hardy, Baton Rouge, for Defendant/Appellee, In proper person and Counsel for Defendant/Appellee Joseph Whittington.
Gideon T. Carter, III, Baton Rouge, Counsel for Defendants/Appellees Rev. Eddie Johnson and Mrs. Eddie Johnson.
BEFORE: SHORTESS, PARRO, AND KUHN, JJ.
KUHN, Judge.
Plaintiff-appellant, Frances Johnson, appeals from the trial court's dismissal of her action in which she sought possession of various items of personal property or, in the alternative, to recover the value of the items. The defendants-appellees are Bernard J. Hardy, Joseph Whittington, and Rev. and Mrs. Eddie Johnson. Defendants-appellees filed peremptory exceptions raising the objection of prescription, which were granted by the trial court.[1] We reverse in part, affirm in part and remand.

I. FACTUAL AND PROCEDURAL BACKGROUND
On January 28, 1997, Frances Johnson filed suit alleging she married Allen Johnson on March 26, 1994, and resided with him until December of 1994. During this time, they lived in a house which Allen had owned prior to their marriage, located at 2609 Eaton Street in Baton Rouge, Louisiana. When she left the matrimonial domicile, some of her personal property remained on the premises.[2] About November 30, 1994, Hardy obtained ownership of the immovable property located at 2609 Eaton Street. Frances's attempts to obtain possession of her personal property from Hardy were unsuccessful. Frances seeks a judgment against Hardy requiring him to deliver the items of personal property *330 to her or to pay her the value of the property, which she estimates at $4,000.00.
After Allen Johnson's death on August 14, 1995, Rev. and Mrs. Eddie Johnson, Allen's parents, allegedly took possession of some of Frances's property, including personal papers in a briefcase, a large address book, and items from Allen's funeral. Frances claims Rev. and Mrs. Eddie Johnson have refused to deliver these items to her and have refused her access to these documents. In her petition, Frances prays that Rev. and Mrs. Eddie Johnson be ordered to deliver these materials to her for inspection and copying. She prays for permanent possession of the materials owned by her.
Frances also claims that Rev. Johnson authorized the removal of an automobile owned by her from the Eaton Street property without her consent. She asserts that the automobile was towed from the premises by Whittington, and that Whittington refused to release the automobile to her unless she paid the towing and storage charges. In her petition, she prayed that Whittington be ordered to release the automobile to her without the payment of any charges. Alternatively, she prayed that Whittington be ordered to pay her the estimated $1000.00 value of the automobile.
Additionally, Frances asserts that each of the defendants is liable to her for damages for the loss of use of her property and for the depreciation of the property.
Hardy, Whittington, and Mrs. Eddie Johnson individually answered plaintiffs petition and filed exceptions raising the objection of prescription. The record does not contain an answer or an exception filed on behalf of Rev. Johnson. After a hearing on June 30, 1997, the trial court signed a judgment ordering that "the exceptions of prescription filed by Bernard J. Hardy, Reverend Eddie Johnson, Mrs. Eddie Johnson, and Joseph Whittington ... are hereby granted." Plaintiffs claims were dismissed with prejudice. After filing an unsuccessful motion for new trial, plaintiff has appealed. On appeal, she urges that her petition was timely filed with respect to all defendants and that the trial court erred in granting the exceptions of prescription.

II. ARGUMENTS PRESENTED ON APPEAL
Plaintiff asserts her suit is one to regain possession of her property, making no specific argument regarding the applicable prescriptive period. She asserts that if her claim against Hardy is characterized as being based on conversion, her suit was filed timely within one year from the date on which she learned of Hardy's disposal of some of her personal property.
With respect to her claims against Whittington, plaintiff urges her claim is not one of conversion. She urges Whittington breached various duties imposed on him by the Louisiana Towing and Storage Act, La. R.S. 32:1711 et seq., when he towed her automobile from the Eaton Street property and ultimately disposed of it without providing notice to her as required by the Act. Plaintiff does not address a particular prescriptive period that should apply to this claim, but argues that she should be allowed to pursue her claim because she did not receive proper notice from Whittington.
Addressing her claims against Rev. and Mrs. Eddie Johnson, plaintiff asserts that her claim is timely because they are jointly liable with Whittington, and prescription was interrupted as to these defendants by the timely filing of suit against Whittington.
Defendants urge that plaintiffs claims should be characterized as a tort claim (based either on conversion or negligence) subject to a one-year liberative prescriptive period. Specifically, Hardy urges the one-year prescriptive period began to run when he took possession of the Eaton Street property during October of 1995, and plaintiff became aware that he had *331 discarded some of the movable items located on the premises.
Whittington claims that the one-year prescriptive period began to run from the date he disposed of the automobile, which he asserts was approximately eighteen months before plaintiff filed her petition. While he concedes he did not provide plaintiff with the prescribed statutory notice of the disposal of the automobile, he asserts she had actual notice of the disposal resulting from regular communications with her regarding the outstanding storage charges.
Rev. and Mrs. Eddie Johnson contend that the trial court's judgment is correct without urging any specific argument regarding prescription. They also contend plaintiff's appeal is frivolous and request an award of monetary damages and attorneys' fees.

III. ANALYSIS

A. Prescription
Generally, the party raising a peremptory exception urging prescription bears the burden of proof. However, if prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing an action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992).

B. Principles of Civilian Conversion
In Dual Drilling Co. v. Mills Equipment Investments, Inc., 98-0343, pp. 4-5 (La.12/1/98), 721 So.2d 853, 856, the Supreme Court addressed the concept of civilian conversion, in pertinent part, as follows:
The Civil Code itself does not identify causes of action for "conversion." However, causes of action for conversion have been inferred from the Codal articles providing that the right of ownership, possession, and enjoyment of movables [is] protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages. La. Civ.Code arts. 511, 515, 521, 524, 526, and 2315. Consequently, the dispossessed owner of a corporeal movable may be accorded one of three actions to enforce his rights of ownership.
The first is the revendicatory action for the recovery of a movable transferred: 1) by the owner or legal possessor to a person in bad faith, 2) for less than fair value, or 3) when the movable was lost or stolen.[3] A.N. YIANNOPOULOS, LOUISIANA CIVIL LAW TREATISE §§ 350-51, at 680-83 (2nd ed. 1991 & Supp.1998). The second action arises under the law of delictual obligations and exists under the theory of unjust enrichment. YIANNOPOULOS, LOUISIANA CIVIL LAW TREATISE § 356, at 689-90....
The third action, ... is known as a delictual action. It is available to an owner dispossessed as a result of an offense or quasi-offense or, in other words, a "tort." This action is grounded on the unlawful interference with the ownership or possession of a movable and is frequently termed an action for "conversion" in Louisiana. A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 1-2, at 3 (1996 & Supp.1998); Importsales, Inc. v. Lindeman, 231 La. 663, 92 *332 So.2d 574 (La.1957); see also Louisiana State Bar Assoc. v. Hinrichs, 486 So.2d 116 (La.1986). The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation. (Footnotes in original text omitted; footnote added.)
Actions seeking recognition of ownership or enforcement of ownership rights, whether in movable or immovable property are "real actions," not "personal actions." Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 777 (5th Cir. 1997); A.N. Yiannopoulos, 2 Louisiana Civil Law Treatise § 241 at 476 (1991). Such real actions, otherwise known as "revendicatory actions," are expressly authorized by La. C.C. art. 526, which provides, "The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him." However, the revendicatory action abates when the movable is no longer in the defendant's possession. Theoretically, a plaintiff may have a personal action for damages or unjust enrichment against the former possessor of the movable. Dual Drilling Co. v. Mills Equipment Investments, Inc., 98-0343, p. 4, 721 So.2d at 856 n. 1.
In Songbyrd, Inc. v. Bearsville Records, Inc., a musician's successor in interest brought an action against the possessor of several master tapes recorded by the musician. The court found that the action to recover the recordings was not subject to liberative prescription. In addressing the imprescriptibility of plaintiff's revendicatory action, the court stated:
[A]s the Civil Code specifically provides liberative prescription periods for all manner of personal actions (including delictual, contractual and quasi-contractual actions [See La. Civ.Code arts. 3492-3502]), "[l]iberative prescription does not bar real actions seeking to protect the right of ownership." The rationale for this distinction is that "[u]nder our Civil Code, ownership can never be lost by the failure to exercise itonly by the acquisition of ownership by another through possession sufficient to acquire it through an acquisitive prescription." Thus, it is well established in Louisiana that the petitory action (for the protection of immovables) is not barred by liberative prescription. The same rule applies to the revendicatory action brought to assert or protect the right of ownership in movable property because it, too, is a real action, not a personal one. On this point Professor Yiannopoulos' Louisiana Civil Law Treatise could not be clearer:
An action that is grounded on a wrongful act, that is, an offense or quasi-offense, is subject to the prescription of one year and an action grounded on quasi-contract is subject to the prescription of ten years. The revendicatory action [for the recovery of movable property] is imprescriptible.... (Footnotes omitted.)
104 F. 3d at 777-778.
The allegations and prayer of plaintiff's petition determines the true nature of the action and the applicable prescriptive period. Insurance Storage Pool, Inc. v. Parish Nat. Bank, 97-2757, p. 4 (La.App. 1st Cir.5/14/99), 732 So.2d 815, 817-818. Based on plaintiff's petition, we find she has stated claims which can be classified as both revendicatory and delictual actions.[4] We separately address the individual claims asserted by plaintiff with respect to each defendant.

C. Claims against Rev. Johnson
Rev. Johnson did not file a formal exception of prescription with either the *333 trial court or this court. An exception of prescription presented only in argument either orally or in writing in a memorandum or brief is not contemplated by the Code of Civil Procedure. Rapp v. City of New Orleans, 95-1638, p. 50 (La.App. 4th Cir.9/18/96), 681 So.2d 433, 457, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868. Also see, Tucker v. Louisiana Dept. of Revenue and Taxation, 96-2740, p. 3 (La. App. 1st Cir.2/20/98), 708 So.2d 782, 783. La. C.C.P. art. 924 provides, in pertinent part, "All exceptions shall comply with Articles 853, 854, and 863...." A reading of Articles 853, 854, and 863 indicates that a written exception is required. Rapp v. City of New Orleans, 681 So.2d at 457.
Since a written exception urging prescription has not been raised on Rev. Johnson's behalf, the issue of whether plaintiff's claims against him have prescribed was not properly presented to the trial court and is not before this court at this time. The trial court erred in sustaining the exception as to the claims against Rev. Johnson. Accordingly, the trial court's judgment is reversed with respect to plaintiff's claims against Rev. Johnson.

D. Claims against Mrs. Eddie Johnson
Plaintiff urges that Mrs. Eddie Johnson took possession of some of her personal property following plaintiffs husband's death. Plaintiffs petition prays for permanent possession of the materials shown to be owned by her. Plaintiff asserts ownership of certain movables and claims that Mrs. Johnson has possession of these items without plaintiffs consent. The evidence presented at the hearing on the exception did not establish that Mrs. Eddie Johnson no longer had possession of the items in dispute. As such, this claim is properly characterized as a revendicatory action, and it is imprescriptible. The trial court was in error in finding that plaintiffs claim was prescribed. Thus, the trial court's judgment is reversed with respect to plaintiff's claims against Mrs. Eddie Johnson.

E. Claims against Whittington
Plaintiff alleges that Whittington towed her automobile from the Eaton Street property without her permission and refused to return the automobile to her. During the hearing, Whittington testified that he no longer had possession of the automobile. He explained he had given the automobile to a salvage yard about a year and a half to two years prior to the hearing.
Since Whittington's testimony establishes he no longer has possession of the automobile, plaintiffs right to pursue a revendicatory action against him has abated. Plaintiff has not alleged that Whittington was unjustly enriched by the disposal of the automobile, so the action against Whittington cannot be classified as quasi-contractual. Based on plaintiffs allegations, the claim against Whittington is properly classified as a claim for conversion, which is a delictual action subject to a one-year prescriptive period. This period of time begins to run from the day injury or damage is sustained. La. C.C. art. 3492.
The prescriptive period for conversion is one year from the time that the plaintiff is or should be on notice of the alleged act of conversion. Succession of Moore, 97-1668, p. 10 (La.App. 4th Cir.4/1/98), 737 So.2d 749, 755; writ denied, 99-0781 (La.4/30/99), 743 So.2d 207. A conversion consists of an act in derogation of the plaintiffs possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Fontenot v. First Federal Sav., 98-1066, p. 11 (La.App. 3d Cir.2/3/99), 736 So.2d 864, 869.
Plaintiff testified that her car was towed by Whittington about two days after her husband's funeral. She stated that on or about August 23, 1995, she received a certified letter from Rev. Johnson notifying her that her car was to be towed from the Eaton Street property. Upon receiving *334 the letter, she went immediately to the property and saw her car on Whittington's tow truck. After the car was towed, she asked Whittington about the towing and storage costs but never paid him.
Whittington's action of towing and storing the car on August 23, 1995, was an act in derogation of plaintiff's possessory rights which deprived her of the right to possess the car. Thus, the one-year prescriptive period began to run on the date the car was towed, and it had clearly expired prior to January 28, 1997, the date on which plaintiff filed this suit.
Plaintiff asserts that her claim against Whittington is not based on conversion but is based on his violations of the Louisiana Towing and Storage Act, La. R.S. 32:1711 et seq. She complains she never received proper notice regarding the towing and disposal of the car.
The Louisiana Towing and Storage Act provides that any person who fails to comply with the provisions of the Act shall forfeit all claims for towing services and storage of such automobiles and shall be subject to an administrative fine. La. R.S. 32:1274. The Act also provides for the imposition of criminal penalties. La. R.S. 32:1275. However, it does not expressly authorize a private right of action for civil damages. We conclude that if the legislature had intended such a result, it would have included language expressly recognizing such a cause of action, as it did in the Electronic Surveillance Act, La. R.S. 15:1301 et seq. (See La. R.S. 15:1312, authorizing recovery of civil damages by any person whose wire or oral communication is intercepted, disclosed, or used in violation of the Electronic Surveillance Act.) We find no merit in plaintiff's arguments based on the Louisiana Towing and Storage Act. Thus, we conclude the trial court properly granted Whittington's peremptory exception urging prescription. The trial court's judgment is affirmed in this respect.

F. Claims against Hardy
Hardy testified that he obtained a judgment against Allen Johnson in 1994 and attached the Eaton Street property to satisfy the judgment. He posted a notice of corporeal possession on the property, which was dated September 18, 1995. Three to four months later, he moved in the house and began remodeling it. Hardy explained that he had a conversation with plaintiff during which she inquired about some of her belongings, and that he told her she could come to the house and get her things. Hardy testified that he gave plaintiff the opportunity to retrieve the items but she failed to do so. Hardy disposed of most of the movable property which remained in the residence. He stored an armoire in the garage and explained that a stove remained in the house. He stated he did not claim ownership of any of these items of movable property.
Plaintiff testified that she spoke with Hardy on two occasions regarding obtaining her property. She stated that the first conversation occurred around October of 1995, and that Hardy told her that he was going to help her get her property. She recalled that the second conversation took place at the end of March or the beginning of April of 1996. During this conversation, she first became aware that some of her property was no longer in Hardy's possession.
With respect to the movable items remaining in Hardy's possession at the time of the hearing, plaintiffs claim is a revendicatory action, which is imprescriptible. The trial court erred in granting the exception with respect to plaintiffs claims regarding the stove and the armoire.[5]
With respect to plaintiffs claims against Hardy for the other items of movable property, plaintiffs claim is for conversion *335 and is subject to a one-year liberative prescriptive period. The trial court determined that the one-year prescriptive period began to run when Hardy posted the September 18, 1995 notice of possession. The court concluded plaintiffs claim prescribed during September of 1996.
However, we disagree with the analysis of the trial court. The prescriptive period did not begin to run until such time that plaintiff was or should have been on notice of the alleged act of conversion. Succession of Moore, 97-1668, at p. 10, 737 So.2d at 755. After Hardy acquired ownership of the Eaton Street property and moved into the residence, he initially informed plaintiff that she would be able to obtain her property. He testified that he did not claim the property for himself. Prior to his disposal of some of the property, his possession was not adverse to plaintiff. Since conversion consists of an act in derogation of the plaintiffs possessory rights, the one-year prescriptive period did not begin to run until plaintiff learned that Hardy had disposed of some of the property or until Hardy refused plaintiff's request for the return of the property.
Although Hardy testified that he informed plaintiff that he had disposed of some of her property and also refused her request to obtain a ceiling fan, Hardy did not establish the dates of these conversations with plaintiff. Plaintiff testified that she first learned that Hardy had disposed of some of her property during March or April of 1996. Based on plaintiffs testimony, the prescriptive period for plaintiffs claims against Hardy for conversion would not have lapsed prior to March or April of 1997. As the party raising the exception of prescription, Hardy failed to establish that plaintiffs claim had prescribed by January of 1997, when plaintiff filed her petition. The trial court erred in granting the exception of prescription with respect to plaintiffs claims against Hardy. With respect to these claims, the trial court's judgment is reversed.

G. Claim of Frivolous Appeal
Rev. and Mrs. Eddie Johnson's claim for damages and attorney fees for a frivolous appeal has no merit. Plaintiffs appeal is successful with respect to the claims urged against them. Moreover, even if plaintiffs appeal had not been successful, we would not be able to address their claim of a frivolous appeal because Rev. and Mrs. Eddie Johnson failed to appeal or file an answer to the plaintiff's appeal. Schulingkamp v. Schulingkamp, 96-2680, p. 4 (La.App. 1 Cir. 12/29/97), 706 So.2d 1005, 1007, writ denied, 98-0279 (La.3/20/98), 715 So.2d 1219.

IV. CONCLUSION
The trial court's judgment is reversed with respect to plaintiffs claims against Rev. and Mrs. Eddie Johnson and Bernard Hardy, and is affirmed with respect to plaintiffs claims against Joseph Whittington. This matter is remanded for further proceedings consistent with this opinion. Assessment of the costs of this appeal are to await a final determination of this matter.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
SHORTESS, J., dissents in part with reasons and affirms in part.
SHORTESS, J., dissenting in part.
I believe the same analysis should be applied to Whittington as was applied to Hardy. Whittington testified that he was willing to release the car to plaintiff upon payment of the towing and storage fees and that he never intended to take ownership of the car. His possession was not adverse to plaintiff until he sold the car for salvage. In my opinion, prescription began to run on the conversion claim against Whittington when plaintiff had notice the car had been sold for salvage. Whittington had the burden of proving when plaintiff had such notice. There is no evidence in the record establishing this date. Thus, Whittington failed to carry his burden of *336 proof on the exception, and judgment in his favor should be reversed.
I respectfully dissent in part.
NOTES
[1] With the exception of Rev. Johnson, each of the defendants filed a written exception of prescription. At the hearing on the exception, the attorney who represented both Rev. Johnson and Mrs. Eddie Johnson argued that plaintiff's claims against them had prescribed. However, the record before this court does not contain a pleading formally raising the exception of prescription on behalf of Rev. Johnson.
[2] She asserts the items of personal property which remained in the house included a large sectional sofa, another sofa, refrigerator, stove, baby bed, armoire, sheets, set of dishes, two mattresses, cabinet, ceiling fan, gold clock, ironing board, lawn mower, box of tools, mattress and box springs, shower curtain, and a roll of brown carpet. She also alleges that an automobile owned by her remained on the property.
[3] According to civil law, a thing is stolen when one has taken possession of it without the consent of the owner. La. C.C. art. 521.
[4] We recognize that a personal claim based on the theory of unjust enrichment would be governed by a ten-year prescriptive period. La. C.C. art. 3499; Taylor v. Smith, 619 So.2d 881, 886 (La.App. 3d Cir.), writ denied, 625 So.2d 1038 (La.1993). However, plaintiff's petition does not allege unjust enrichment or quasi-contract.
[5] At the end of the June 30, 1997 hearing on the exception, the trial court directed Hardy to allow plaintiff to obtain possession of the armoire. However, the record does not establish that plaintiff has acquired possession of the armoire.