985 So.2d 778 (2008)
In the Matter of the SUCCESSION OF Burl L. LANDRUM.
No. 2007 CA 1144.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
Writ Denied June 20, 2008.
Rodney N. Erdey, Denham Springs, LA, for Plaintiff/Appellee, Estate of Burl L. Landrum and Terry L. Landrum, Individually.
Floyd J. Falcon, Jr., Daniel L. Avant, Baton Rouge, LA, for Defendant/Appellant, Thomas Michael Landrum.
Before GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
In this case two brothers, Terry Landrum and Thomas Michael (Michael) Landrum, contest the nature of $80,000.00 in *779 cash given to Michael Landrum by their mother, Maude Landrum. Maude Landrum gave Michael Landrum the money in the presence of their father, Burl Landrum, and Michael Landrum's wife Susan Landrum, at Maude and Burl Landrum's home in Laurel, Mississippi on December 16, 1996. Michael Landrum avers that the cash was a gift from his parents. Terry Landrum asserts Michael Landrum tortiously converted the cash to his own use after it was given to him for safe-keeping for his parents and that the money belongs to the estate of Burl Landrum.
In September of 1998, Burl and Maude Landrum moved to Denham Springs, Louisiana. A year later, in September of 1999, Maude Landrum died. After his wife's death, Burl Landrum moved in with Terry Landrum in Livingston, Louisiana. On August 17, 2000, an attorney for Burl Landrum and Terry Landrum sent a letter to Michael Landrum demanding the return of "a substantial amount of cash" belonging to Burl Landrum and the estate of Maude Landrum. Burl Landrum thereafter died on September 16, 2003, and left his entire estate to Terry Landrum.
On June 9, 2003, Terry Landrum, as administrator of the estate of Maude Landrum, filed suit against Michael Landrum, to recover the $80,000.00 with a petition to recover assets due to the estate of Maude Landrum.[1] In that case, after a trial, the court ruled in favor of Michael Landrum and denied the claim in a judgment dated April 13, 2005, finding that Maude Landrum had donated her interest in the $80,000.00 to Michael Landrum. In its reasons for judgment, the court found that the donation was governed by Mississippi law, and further, that Maude Landrum could only have donated her interest in the money, which was $40,000.00. Therefore, the court found that Terry Landrum, as administrator of the succession of Maude Landrum, had no claim to the money. The court found that Burl Landrum's succession representative would be the proper party to assert a claim for his $40,000.00 share of the money.
On July 12, 2005, Terry Landrum, individually and as administrator of the estate of Burl Landrum, made a formal demand against Michael Landrum for the return of $40,000.00 belonging to the estate of Burl Landrum. On August 4, 2005, Terry Landrum, as administrator of the estate of Burl Landrum, filed a petition to recover assets (the $40,000.00) from Michael Landrum for the estate of Burl Landrum.
Michael Landrum filed an exception of prescription, and after a hearing, the trial court denied the exception of prescription. Michael Landrum filed a supervisory writ with this court seeking appellate review of the judgment denying the exception of prescription. This court denied the writ. In the Matter of the Succession of Burl L. Landrum, 2006 CW 0786 (La.App. 1 Cir. 6/26/06) (unpublished).
On September 27, 2006, Terry Landrum, individually and as administrator of the estate of Burl Landrum, filed a motion for summary judgment. Michael Landrum thereafter filed a cross-motion for summary judgment that essentially re-urged the exception of prescription. After a hearing, the trial court granted summary judgment in favor of the Succession of Burl Landrum and against Michael Landrum, in the amount of $40,000.00. Michael Landrum's motion for summary judgment and exception of prescription were dismissed. In its reasons for judgment, the trial court found that Burl Landrum did *780 not intend to donate his one-half of the $80,000.00 to Michael Landrum.
Michael Landrum appealed that judgment. He makes the following assignments of error:
1. The trial court erred in granting Terry Landrum's Motion for Summary Judgment where the claim of tortious conversion of $40,000 alleged in the August 4, 2005 Petition to Recover Assets was prescribed under the applicable Mississippi Statute of Limitations (3 years from December 16, 1996);
2. In the alternative, the trial court further erred in granting Terry Landrum's Motion for Summary Judgment by making credibility determinations and weighing conflicting evidence submitted for and against the merits of the Petition to Recover Assets;
3. The trial court erred in granting Terry Landrum's Motion for Summary Judgment where there was conflicting evidence bearing on the merits of the Petition to Recover Assets and Terry Landrum offered no evidence in opposition to the defense of prescription.
4. The trial court erred in denying Mike Landrum's Cross Motion for Summary Judgment urging the defense of prescription.
5. The trial court erred in overruling Mike Landrum's Exception of Prescription.

THE STANDARD OF REVIEW
Appellate courts review the granting or denial of a motion for summary judgment de novo. Jones v. Estate of Santiago, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006.
When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Babineaux v. State, ex rel Department of Transportation and Development, 04-2649 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123.

THE EXCEPTION OF PRESCRIPTION
Michael Landrum asserts that the action to recover assets was prescribed under Mississippi's three year prescriptive period. Maude Landrum gave Michael Landrum the $80,000.00 in cash at the Landrum home in Laurel, Mississippi on December 16, 1996. After the death of Maude Landrum, an attorney acting on behalf of Burl and Terry Landrum asserted by letter to Michael Landrum dated August 17, 2000, that Michael Landrum was in possession of funds belonging to Burl Landrum and the estate of Maude Landrum and demanded the return of the funds. This letter established knowledge of a cause of action for return of the money, as of August 17, 2000. This suit was filed on August 4, 2005.
Mississippi Code Annotated 15-1-49 provides that "(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Under Louisiana law, the prescriptive period for conversion is one year from the time that the plaintiff is or should be on notice of the alleged act of conversion. Johnson v. Hardy, 98-2282, p. 9 (La.App. 1 Cir. 11/5/99), 756 So.2d 328, *781 333; La. C.C. art. 3492. And while we agree with the finding of the trial court in In The Matter of The Succession of Maude Mae Landrum that Mississippi law applies, under either Mississippi or Louisiana law the claim is barred and the suit must be dismissed.[2]
Therefore, for the foregoing reasons, the trial court judgment granting summary judgment in favor of Terry Landrum and the estate of Burl Landrum is reversed, Michael Landrum's exception of prescription is granted, and the suit is dismissed. Costs are assessed against Terry Landrum and the estate of Burl Landrum.
JUDGMENT REVERSED; EXCEPTION OF PRESCRIPTION GRANTED.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs, and assigns reasons.
Based on the applicable law, I am bound to concur with the majority's opinion.
NOTES
[1] In the Matter of the Succession of Maude Mae Landrum, Probate No. 9892, Twenty-First Judicial District Court, Parish of Livingston, State of Louisiana.
[2] We pretermit the other issues raised on appeal.