| | | |
|---|---|---|
| **RICHARD A. WEIGAND** | * | **NO. 2022-CA-0062** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **KENNETH DALE, DEBBIE** | * | |
| **MAHTOOK WIFE OF/AND** | | **FOURTH CIRCUIT** |
| **RONNIE MAHTOOK,** | * | |
| **GEORGE GROH HUSBAND** | | **STATE OF LOUISIANA** |
| **OF/AND NANNETTE GROH,** | * * * * * * * | |
| **AND CREEKSIDEPLACE** | | |
| **CONDOMINIUM** | | |
| **ASSOCIATION, INC.** | | |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-11140, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Richard A. Weigand
RICHARD A. WEIGAND APLC
416 Gravier Street, Floor 3
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT

Doris T. Bobadilla
Jose L. Barro, III
GALLOWAY JOHNSON TOMPKINS BURR & SMITH
3 Sanctuary Blvd., Third Floor
Mandeville, LA 70471

     COUNSEL FOR DEFENDANT/APPELLEE

                  **AFFIRMED**
                  **July13, 2022**

*RML*
*PAB*
*TGC*

This is a suit by a condominium owner against neighboring condominium owners and the condominium association.  The plaintiff, Richard A. Weigand, appeals the trial court's judgment granting the peremptory exception of prescription filed by the defendants—Kenneth Dale; Debbie Mahtook; Ronnie Mahtook; George Groh; Nanette Groh; Creekside Place Condominium Association; and Mahtook Design, LLC.  For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2020, Mr. Weigand—the owner of a condominium unit in a building located at 423 Gravier Street ("the Building")—filed a petition styled a "Petition for Petitory Action."[1]  Mr. Weigand alleged in his petition that Mr. Dale, Mr. and Mrs. Mahtook, and Mr. and Mrs. Groh were all owners of other condominium units in the Building and members of Creekside Place Condominium Association—the Building's condominium association.  Mr. Weigand claimed that, in August 2019, Mrs. Mahtook filed a claim with the condominium association's

_____

[1] As discussed elsewhere in this opinion, despite its caption, the allegations of Mr. Weigand's petition do not state a petitory action.

1

property damage insurer without authority to do so.  Further, Mr. Weigand alleged

that Mrs. Mahtook, Mr. Dale, and Mr. Groh used funds received from the insurer

to make unauthorized repairs to portions of the Building that were the

responsibility of individual condominium owners.  These actions, Mr. Weigand

argued, violated the bylaws of the condominium association and the Louisiana

Condominium Act, La. R.S. 9:1121.101, *et seq.*  Lastly, Mr. Weigand alleged that

in February and August of 2020 he received notices of condominium association

meetings listing proposed topics for discussion that included actions not permitted

by the condominium association's bylaws.  Mr. Weigand requested that the trial

court order that the insurance claim be withdrawn, that the insurance payment be

returned, and that the defendants be enjoined from taking actions in violation of the

condominium association's bylaws.[2]

The defendants filed a peremptory exception of prescription, arguing that the

prescriptive period to file suit on the defendants' allegedly unauthorized actions

elapsed one year from the date of the actions—in August or September of 2020.[3]

The defendants contended that, despite styling his petition as a petitory action, the

allegations of Mr. Weigand's petition, in fact, sought to invalidate the unauthorized

---

[2] Mr. Weigand filed two supplemental and amending petitions, naming additional parties and attempting to pierce the corporate veil of defendant Mahtook Design, LLC.  But the substantive claims of Mr. Weigand's petition remained the same.

[3] The defendants also filed exceptions of vagueness; Mr. and Mrs. Mahtook; Mahtook Design, LLC; Kenneth Dale; and George Groh filed exceptions of nonconformity; and Mr. Mahtook filed an exception of no cause of action.  The trial court granted Mr. Mahtook's exception of no cause of action but denied the other exceptions as moot.  Mr. Weigand does not assign error to the trial court's judgment granting Mr. Mahtook's exception of no cause of action; thus, that judgment is not before us.

acts of a corporation—the condominium association; thus, his claims must have been brought within one year of the unauthorized acts, pursuant to La. R.S. 12:208(A)(1).[4] Because the insurance claim and alleged misuse of the insurance payment complained of in Mr. Weigand's petition occurred in late August 2019, the defendants contended that Mr. Weigand's claims prescribed before he filed his petition in December 2020.

In his opposition to the defendants' prescription exception, Mr. Weigand maintained that his lawsuit stated an imprescriptible petitory action—not an action to invalidate acts of a corporation. Thus, Mr. Weigand asserted that his purported petitory action was timely. Mr. Weigand further argued that condominium association meetings, in which the defendants allegedly discussed topics prohibited by the association's bylaws, occurred within one year of filing his petition and his claims regarding the meetings were therefore timely.

The trial court granted the defendants' peremptory exception of prescription and dismissed Mr. Weigand's claims with prejudice. This appeal followed.

## DISCUSSION

*Standard of Review*

---

[4] La. R.S. 12:208(A) provides, in pertinent part:

> (A) Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:

> (1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground or interruption on any ground other than timely suit[.]

In *Ames v. Ohle*, 11-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 390-91, this court set forth the standard of review applicable to a peremptory exception of prescription as follows:

> Ordinarily, a party asserting a peremptory exception of prescription bears the burden of proof. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If there is as an absence of evidence, the exception of the prescription must be decided upon the properly pleaded material allegations of fact asserted in the petition, and those alleged facts are accepted as true. Further, in reviewing a peremptory exception of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim. Of the possible constructions of a prescriptive or p[er]emptive statute, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted.

*Id*. (internal citations omitted).

*Peremptory Exception of Prescription*

As in the trial court, the thrust of Mr. Weigand's argument on appeal is that his claims against the defendants for making an unauthorized insurance claim and using the insurance payment in violation of the condominium association bylaws constitute an imprescriptible petitory action. Mr. Weigand reasons that his claims state a petitory action because the defendants' actions disturbed his right of ownership in the building. We disagree.

In determining the applicable prescriptive period, "the nature of the action, rather than its label, governs which period applies." *Ames*, 11-1540, p. 10, 97 So.3d at 393. "The courts are not bound to accept a plaintiff's characterization of the nature of his cause of action if it is unsupported by factual allegations." *Id*.

4

Thus, "[t]he nature of a cause of action must be determined before it can be decided which prescriptive term is applicable." *Albe v. City of New Orleans*, 14-0186, p. 8 (La. App. 4 Cir. 9/17/14), 150 So.3d 361, 367 (citing *Ames*, 11-1540, p. 6, 97 So.3d at 391).

"The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." La. C.C.P. art. 3651. A real action, such as a petitory action, is one in which a person seeks recognition of ownership or enforcement of ownership rights. *Johnson v. Hardy*, 98-2282, p. 6 (La. App. 1 Cir. 11/5/99), 756 So.2d 328, 332.

Mr. Weigand's petitions allege no dispute as to ownership of any immovable property or any real right in immovable property. Likewise, the petitions contain no allegation that his possession of any immovable property or real right therein has been disturbed. Moreover, the petitions do not seek recognition of Mr. Weigand's ownership of any real property or real right therein. Thus, Mr. Weigand's petitions are devoid of any factual allegation necessary to state a petitory action.

Instead, the allegations of Mr. Weigand's petitions state a claim to invalidate the actions of a corporation, under La. R.S. 12:208(A)(1). This statute, captioned "Defense of Ultra Vires" and contained within the Nonprofit Corporation Law, provides as follows:

5

A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:

> (1) In an action by a member of the corporation to set aside such act, conveyance or transfer, brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground or interruption on any ground other than timely suit[.]

La. R.S. 12:208(A)(1).

In his petitions, Mr. Weigand alleged that the defendants were members of the condominium association—a nonprofit corporation; that Ms. Mahtook, a director of the condominium association, made a claim with the association's insurer without capacity or authority to make such a claim; and that the Ms. Mahtook, Mr. Dale, and Mr. Groh used the insurance payment to perform repairs not authorized by the condominium association's bylaws. Mr. Weigand characterized these allegedly unauthorized acts as ultra vires acts—which La. R.S. 12:208(A)(1) explicitly governs—and requested injunctive relief prohibiting any further ultra vires actions and an order vacating the defendants' actions.

Notwithstanding the "petitory action" caption of Mr. Weigand's petitions, the allegations of the petitions unambiguously sought to invalidate the acts of a nonprofit corporation due to an alleged absence of authority to act. This claim is precisely the type governed by La. R.S. 12:208(A)(1). Because La. R.S. 12:208(A)(1) establishes a one-year peremptive period from the time of the alleged ultra vires act to file a claim invalidating the act, Mr. Weigand's claim to set aside

6

corporate actions taken in August 2019 was untimely when he filed his original petition on December 29, 2020. Accordingly, we find this argument unpersuasive.

Mr. Weigand next argues that the trial court erred in granting the defendants' peremptory exception of prescription, because the defendants held two condominium associations meetings within one year of filing his original petition. Mr. Weigand contends that in notices of these meetings, the defendants proposed to discuss topics that violated the condominium association bylaws. But, Mr. Weigand fails to explain how these meetings constitute a justiciable claim. Although Mr. Weigand alleges that the defendants discussed topics which, if acted upon, would have violated the condominium association bylaws, he does not allege that the defendants acted upon these discussions nor does he allege any harm he suffered as a result of these meetings. Thus, Mr. Weigand's allegations regarding the condominium association meetings, without more, fail to state a cause of action.

We are equally unpersuaded by Mr. Weigand's final argument—that his claims have not prescribed because they are claims made under La. R.S. 12:208(A)(3), which he contends has no prescriptive period, and provides as follows:

> A. Invalidity of an act of a corporation, or of a conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer, may be asserted only:
> …
>> (3) In an action in damages by the corporation or by its receiver, trustee or other legal representative, or by its

7

> members, in a derivative or representative suit, against the incumbent or former officers or directors of the corporation;

Although Mr. Weigand is correct that La. R.S. 12:208(A)(3) is silent as to its prescriptive period, this silence does not render an action brought under La. R.S. 12:208(A)(3) imprescriptible. In *Rover Grp., Inc. v. Clark*, 18-1576, p. 13 (La. App. 1 Cir. 12/12/19), 291 So.3d 699, 708, the court observed that "actions brought under Section 208(A)(3) are subject to a prescriptive period, which period is determined by the nature of the action itself[.]" However, we need not reach this issue, because Mr. Weigand's action is not brought on behalf of the corporation or by its members, and it is not a derivative or representative suit. Thus, La. R.S. 12:208(A)(3) is inapplicable to Mr. Weigand's claim.

Given our finding that Mr. Weigand's claim falls within the ambit of La. R.S. 12:208(A)(1), which provides a one-year peremptive period, and that Mr. Weigand failed to allege any cognizable action which occurred within one year of filing his petition, we find no error in the trial court's judgment granting the defendants' peremptory exception of prescription.

### DECREE

For the foregoing reasons, the trial court's judgment granting the defendants' peremptory exception of prescription is affirmed.

**AFFIRMED**