950 So.2d 744 (2006)
John H. ONSTOTT
v.
CERTIFIED CAPITAL CORPORATION and Robert S. Cunard, Jr.
No. 2005 CA 2548.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
*745 Michael D. Ferachi, Jonathan G. Wilbourn, Baton Rouge, Counsel for Plaintiff/Appellant, John H. Onstott.
Michael Patterson, Jamie Hurst Watts, Larry S. Bankston, Baton Rouge, Counsel for Defendants/Appellees, Certified Capital Corporation and Robert Cunard.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
CARTER, C.J.
Plaintiff-Appellant, John H. Onstott, appeals the trial court judgment sustaining the peremptory exception raising the objection of prescription, that was filed on behalf of defendants-appellees, Certified Capital Corporation (CCC) and Robert S. Cunard, Jr., and dismissing plaintiff's suit. For the following reasons, we reverse and remand.

Facts and Procedural History
In 1989, Onstott, CCC, and others joined to form Bobco, Inc. Cunard is the president and majority shareholder of CCC, and CCC is the majority shareholder of Bobco. Thereafter, the Board of Directors decided to liquidate Bobco. In 1998, CCC sued Bobco, Onstott, and others asserting various claims arising from the liquidation *746 proceedings.[1] On March 26, 1999, the parties entered into a settlement agreement in open court. As part of the agreement, Onstott relinquished his Bobco stock certificates to CCC in exchange for a release of all claims asserted against Onstott in the litigation.
Subsequently, Bobco and the other defendants moved to enforce, and CCC moved to nullify, the settlement agreement, The trial court denied the motion to nullify, ruling the settlement was enforceable; however, on appeal this court reversed, remanding the case to the trial court. Certified Capital Corporation v. Bobco, Inc., 00-1022 (La.App. 1 Cir. 6/22/01), 800 So.2d 445 (unpublished). This court reasoned: "[W]e can only conclude that there was no meeting of the minds as to the rights and obligations of the parties under the terms of the agreement, and therefore, the purported settlement agreement fails to meet the requirements of a valid and enforceable settlement agreement." Certified Capital Corporation, 00-1022 at p. 7 (unpublished).
Despite this court's determination that the settlement agreement was "unenforceable," Onstott's stock certificates have not been returned. On July 21, 2004, Onstott filed the present petition, asserting in part:
Onstott had been impoverished and Certified Capital Corporation has been unjustly enriched since Certified Capital Corporation has retained Onstott's ownership interest in Bobco, Inc. without giving Onstott anything in consideration.
Onstott characterizes his cause of action as quasi-contractual, wherein he seeks the return of the payment of thing not due. In the alternative, he contends that CCC and Cunard have been unjustly enriched.
In response, CCC and Cunard filed a peremptory exception raising the objections of prescription and no cause of action. CCC and Cunard argued that, despite Onstott's allegations in his petition, he had in fact alleged a tort claim of conversion. Because Onstott's petition was filed more than one year after this court's judgment vacating the settlement agreement, CCC and Cunard maintained the tort action was prescribed.
The trial court found that Onstott's petition states a cause of action in tort for conversion. So concluding, the trial court found the cause of action prescribed and entered judgment in favor of CCC and Cunard, dismissing Onstott's suit with prejudice. Onstott now appeals.

Standard of Review and Burden of Proof
When evidence is introduced at the hearing on a peremptory exception raising the objection of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Babineaux v. State ex rel. Department of Transportation and Development, 04-2649 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123. But here, no evidence was introduced at the hearing on the exception, and the relevant facts are not in dispute. Therefore, the doctrine of manifest error does not apply to this court's review of the trial court's legal conclusion. Appellate review of questions of law is simply to determine whether the trial court was legally correct. Cangelosi v. Allstate Insurance Co., 96-0159 (La. App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375.
*747 The party urging a peremptory exception raising prescription bears the burden of proof. Only if prescription is evident from the face of the pleadings will the plaintiff bear the burden of showing an action has not prescribed. See Johnson v. Hardy, 98-2282 (La.App. 1 Cir. 11/5/99), 756 So.2d 328, 331. In the absence of evidence, the objection of prescription must be decided upon the properly pleaded material allegations of fact alleged in the petition, and those alleged facts are accepted as true. Thomas v. State Employees Group Benefits Program, 05-0392 (La.App. 1 Cir. 3/24/06), 934 So.2d 753, 758. In reviewing a peremptory exception raising the objection of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Pratt v. Himel Marine, Inc., 01-1832 (La. App. 1 Cir. 6/21/02), 823 So.2d 394, 400, writs denied, 02-2128, 02-2025 (La.11/1/02), 828 So.2d 571, 572.

Discussion
The characterization of Onstott's cause of action is crucial to the determination of whether his personal action is prescribed. CCC and Cunard characterize Onstott's cause of action as a delictual action for the tort of conversion. Delictual actions are subject to a liberative prescription of one year, running from the day the injury or damage is sustained. LSA-C.C. art. 3492. Onstott, however, characterizes his cause of action as quasi-contractual. A claim for restitution of a payment not due is based on the doctrine of quasi-contract. Julien v. Wayne, 415 So.2d 540, 542 (La.App. 1 Cir.1982). Similarly, a claim for unjust enrichment is quasi-contractual. Gulfstream Services, Inc. v. Hot Energy Services, Inc., 04-1223 (La.App. 1 Cir. 3/24/05), 907 So.2d 96, 100, writ denied, 05-1064 (La.6/17/05), 904 So.2d 706. Unlike delictual actions, quasi-contractual actions are subject to a liberative prescription of ten years. LSA-C.C. art. 3499; Kilpatrick v. Kilpatrick, 27,241 (La.App. 2 Cir. 8/23/95), 660 So.2d 182, 186, writ denied, 95-2579 (La.12/15/95), 664 So.2d 444.
The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. A set of circumstances can give rise to more than one cause of action, and each of those causes has its own prescriptive period. Griffin v. BSFI Western E & P, Inc., 00-2122 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, 733. Because our civil procedure is based on fact pleading (cf. LSA-C.C.P. arts. 854 and 891) courts must look to the facts alleged to discover what, if any, relief is available to the parties. More than one cause of action may be urged in the same petition, and these causes may be inconsistent or mutually exclusive. LSA-C.C.P. art. 892; Carter v. Benson Automotive Co., Inc., 94-261 and 94-158 (La.App. 5 Cir. 9/27/94), 643 So.2d 1314, 1315-1316.
There is no dispute that any delictual action arising from the nullification of the settlement agreement is prescribed. However, if Onstott's petition sets forth a cause of action arising from a quasi-contractual obligation, his suit was timely filed. Onstott's petition alleges:
8.
On March 26, 1999, Onstott and Certified Capital Corporation, through its president, Cunard, entered into a settlement agreement whereby Onstott agreed to relinquish his ownership interest in Bobco, Inc. to Certified Capital Corporation in exchange for a release of all claims asserted against Onstott in the litigation. This settlement agreement was read into the record before Judge Robert Downing. Pursuant to the settlement agreement, Onstott conveyed *748 his ownership interest in Bobco, Inc. to Certified Capital Corporation.
9.
Subsequently, Certified Capital Corporation moved to nullify the settlement agreement. On January 10, 2000, Judge Downing of the 19th Judicial District Court denied Certified Capital Corporation's motion. On March 8, 2000, Certified Capital Corporation appealed this Court's ruling.
10.
On June 22, 2001, the First Circuit Court of Appeal for the State of Louisiana granted Certified Capital Corporation's appeal, reversing the trial court's ruling and vacating the settlement agreement.
11.
The suit filed by Certified Capital Corporation against Bobco, Inc., Onstott, and Kern remains in litigation and no parties made defendants, including Onstott, have been dismissed or released and no claims against defendants, including Onstott, have been dismissed or released. Therefore Certified Capital Corporation has not released nor dismissed its claims against Onstott in respect of suit "Certified Capital Corporation vs. Bobco, Inc., Henry G. Kern and John G. Onstott, Suit No. 449, 534, Div. A, Parish of East Baton Rouge, State of Louisiana" as Certified Capital Corporation agreed to do pursuant to the March 26, 1999 settlement agreement.
12.
To date, Certified Capital Corporation has not returned to Onstott what Onstott gave in settlement, namely Onstott's ownership interest in Bobco, Inc. nor has Certified Capital Corporation compensated Onstott with any consideration for Onstott's ownership interest in Bobco, Inc. At the time of the settlement, the value of Onstott's ownership interest was approximately $460,000.00. As a result, Onstott had been impoverished and Certified Capital Corporation has been unjustly enriched since Certified Capital Corporation has retained Onstott's ownership interest in Bobco, Inc. without giving Onstott anything in consideration.
12. [sic]
Because Onstott is entitled to be restored to the economic position he was in prior to entering into the settlement agreement which was vacated by the First Circuit Court of Appeal, and because Certified Capital Corporation has not returned to Onstott his ownership interest in Bobco, Inc. nor compensated Onstott with any consideration, Onstott is now entitled to be compensated for the value of his ownership interest in Bobco, Inc., which value is to be determined as of March 26, 1999, the date Onstott relinquished his interest to Certified Capital Corporation.
In light of the allegations and prayer in Onstott's petition, we disagree with the characterization of his cause of action as delictual. Plaintiff clearly seeks relief under quasi-contractual theories of law. The statements quoted above allege the existence of a settlement agreementa compromisebetween the parties. A compromise is a bilateral contract. LSA-C.C. art. 3071; Collins v. Mike's Trucking Co., Inc., 05-0238 (La.App. 1 Cir. 5/5/06), 934 So.2d 827, 832. The compromise instrument is governed by the same general rules of construction that are applicable to contracts. Ortego v. State, Department of Transportation and Development, 96-1322 *749 (La.2/25/97), 689 So.2d 1358, 1363. Louisiana Civil Code article 2033 provides:
An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages. (Emphasis supplied.)
As noted in comment (b) of the 1984 Revision Comments to LSA-C.C. art. 2033: "The restoration of the parties to the situation that existed before the contract that is called for by this Article includes restoration of fruits and revenues, as any unjust enrichment of the parties must be prevented."
Similarly, LSA-C.C. art. 2018 provides:
Upon dissolution of a contract, the parties shall be restored to the situation that existed before the contract was made. If restoration in kind is impossible or impracticable, the court may award damages.
If partial performance has been rendered and that performance is of value to the party seeking to dissolve the contract, the dissolution does not preclude recovery for that performance, whether in contract or quasi-contract. (Emphasis supplied.)
Articles 2033 and 2018 recognize the right of a party to a null or dissolved contract to be restored to the situation that existed prior to entering into the contract. To the extent restoration is impossible or impracticable, the court may award damages to prevent one of the parties from being unjustly enriched.
Articles 2033 and 2018 are consistent with LSA-C.C. arts. 2298-2305, which establish a cause of action against one who has been enriched without cause at the expense of another. Louisiana Civil Code article 2298 provides in pertinent part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
A person who has received a payment for a thing not owed to him is bound to restore it to the person from whom he received it. LSA-C.C. art. 2299. A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist. LSA-C.C. arts. 2300.
CCC and Cunard argue that Onstott cannot state a claim for unjust enrichment because he has another legal remedy available to hima delictual action for conversion. We already have determined that Onstott's cause of action is grounded in quasi-contract, not in tort. Moreover, more than one cause of action can be urged in the same petition, and these causes may be inconsistent or mutually exclusive. LSA-C.C.P. art. 892. We recognize that the remedy provided for in LSA-C.C. art. 2298, by its own terms, "is subsidiary and shall not be available if the law provides another remedy." But the subsidiary nature of Article 2298 does not prohibit a plaintiff from asserting unjust enrichment as an alternative, albeit "mutually exclusive," form of relief.
Onstott specifically alleged that he and CCC entered into a contract in the form of a settlement agreement. As part of the settlement agreement, Onstott voluntarily transferred his ownership interest in Bobco to CCC by surrendering his shares of Bobco stock. The court of appeal effectively *750 vacated the settlement. CCC has failed to return to Onstott that which Onstott gave in consideration of the settlement agreement. Accepting the alleged facts as true, Onstott has "been impoverished and Certified Capital Corporation has been unjustly enriched since Certified Capital Corporation has retained Onstott's ownership interest in Bobco, Inc. without giving Onstott anything in consideration." Onstott prayed for damages, as well as all general and equitable relief. Onstott's petition, alleging a quasi-contractual cause of action, is subject to a liberative prescription of ten years and was timely filed. LSA-C.C. art. 3499.

Conclusion
The trial court's judgment is reversed. Onstott's petition states a cause of action under quasi-contractual theories of law and was timely filed under LSA-C.C. art. 3499. This matter is remanded to district court for further proceedings consistent with this court's judgment. Costs of this appeal are to be paid by defendants-appellees, Certified Capital Corporation and Robert S. Cunard, Jr.
REVERSED AND REMANDED.
NOTES
[1] Certified Capital Corporation v. Bobco, Inc., Henry G. Kern, and John G. Onstott, docket number 449,534, Nineteenth Judicial District Court, Parish of East Baton Rouge.