996 So.2d 625 (2008)
Coty Jean BEAUSEJOUR and Heberne Edmond
v.
James M. PERCY, Zebulon Percy, and Direct General Insurance Company Agency and their XYZ Insurance Carrier.
No. 08-CA-379.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 2008.
*626 Pius A. Obioha, Attorney at Law, Baton Rouge, LA, for Plaintiffs/Appellants.
Sue Buser, Attorney at Law, Gonzales, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., GREG G. GUIDRY, and MADELINE JASMINE, Pro tempore.
GREG G. GUIDRY, Judge.
The Plaintiffs, Coty Jean Beausejour and Herberne Edmund, appeal a judgment in favor of the Defendants, Direct General Insurance Company of Louisiana, James Percy, and Zebulon Percy, in an automobile accident case. We reverse in part and amend to award general damages.
In January of 2005, the Plaintiffs were sitting in a Chevrolet Suburban parked in the lot of the Jefferson Parish Library in Harvey, Louisiana, when the Defendant, Zebulon Percy, driving a Malibu Chevrolet, struck the Plaintiffs' car in the rear. Coty Beausejour felt a "bump." No police report was obtained.
The Plaintiffs filed suit for head, neck, back and leg injuries in January of 2006. The trial was set for February of 2006, but was continued because Beausejour, a resident of Haiti, was unable to obtain a visa to enter the United States in time for trial. The trial was reset for June 12, 2007, by agreement of the parties.
On the day of the trial, the Plaintiffs attempted to introduce medical records from Dr. Godwin Ogbuokiri to support the personal injury claims. The medical records had not previously been provided to the Defendant. The Plaintiffs' attorney gave a copy to the Defendant at that time. The Plaintiffs' attorney explained to the court that even he had not seen the records yet, as the doctor had difficulty in obtaining the records, which had been stored. The Defendant objected to the court's consideration of the last minute evidence.
The trial judge noted that at no time since the lawsuit was filed did the Plaintiffs indicate they were having difficulty obtaining medical records. The trial judge noted that the trial was continued from February to June on the Plaintiffs' motion due to the U.S. visa problem, but there was no mention then, or in the months leading to the trial that the medical providers could not retrieve the records. The trial judge further noted that some of the records submitted at trial were in the French language and no effort had been made by the Plaintiffs to have them translated. He stated that he found "it highly improbable and prejudicial that these medical records were not available to the Defendant until the morning of trial." The trial judge then refused to admit the records into evidence considering it to be trial by ambush. Following the testimony by the Plaintiffs, the trial judge dismissed James Percy and Zebulon Percy for failure *627 to be served, ruled that the Plaintiffs failed to prove any personal injuries, and dismissed the claim.[1]
The Plaintiffs assert the trial judge abused his discretion in refusing to admit the medical records on the basis of trial by ambush, and that the trial judge erred in finding the Plaintiffs failed to prove any damages.
The Plaintiffs contend that their inability to obtain the records until the date of trial was beyond their control. The Plaintiffs proffered the medical records.
The Plaintiffs contend that the records were stored during Hurricane Katrina, and the doctor had difficulty obtaining them prior to the trial date. They further argue that the Defendant was on notice that they were claiming medical treatment by the doctor at Urgent Healthcare Clinic, and that he was available at all times for the Defendant to depose him. The Plaintiffs contend that they also put the Defendant on notice that they intended to introduce the medical records at trial. Since the Defendant did not depose the doctor, and the Plaintiffs were unable, despite several requests, to obtain the medical records, the trial judge erred in not permitting their introduction. The Plaintiffs also argue that they had no unfair advantage over the Defendant in relation to the records. Plaintiffs' counsel did not have the opportunity of viewing the records before the Defendant, and did not maliciously withhold them.
The record reveals that the Plaintiffs did not attempt to obtain the records by subpoena or other legal channels prior to the trial, or inform the Court or the Defendant that they were having problems obtaining the medical records. Furthermore, the Plaintiffs failed to ask for a continuance until the records could be obtained. The record discloses that the Defendant sent interrogatories to the Plaintiffs regarding their personal injury claim in which the Defendant clearly requested the production of all medical records relating to the accident. The record does not contain the answers. The Plaintiffs attach the answers to their appellate brief, but this Court cannot consider any documents not made part of the trial court record. In light of these facts, we find that the trial judge did not abuse his discretion in not allowing the medical records to be introduced into evidence.
Although the medical records were not introduced into evidence, the two Plaintiffs testified regarding the accident and their pain and suffering. Both men have advanced educational degrees. Edmond is a lawyer, but has been employed by his church at times as a pastor and a music teacher. Beausejour works with various Haitian groups and the United Nations assisting in various quality of life programs.
Both Plaintiffs testified that the collision violently threw them back and forth. It was noted that the driver of the vehicle that hit them, was in turn hit by another car shortly thereafter. The Plaintiffs each claimed they suffered pain in their necks and backs, and had headaches following the accident. Edmond stated he also had leg pain. Edmond said that he tried over-the-counter pain medication for a few days, but when those did not help, went to Dr. Godwin Ogbuokiri at his clinic in the eastern part of New Orleans. Edmond testified that he was treated with massages and muscle relaxants. He stated the doctor treated him for approximately two *628 months following the accident, and he has since fully recovered.
Beausejour also complained of head, neck, and back pain, and was also treated by Dr. Ogbuokiri. As Beausejour is a citizen of Haiti, he had to return to his homeland shortly after the accident, where he was seen by a local doctor. That physician treated him with massage therapy and medication periodically for approximately one year following the accident. He, too, has made a full recovery.
The fundamental principle of tort liability in Louisiana is that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art. 2315. In a negligence action under Article 2315, the plaintiff bears the burden of proving fault, causation and damages. Buckley v. Exxon Corp., 390 So.2d 512, 514 (La.1980); Wainwright v. Fontenot, 00-0492, p. 5 (La.10/17/00), 774 So.2d 70, 74.
Compensatory damages are divided into special damages and general damages. Special damages, such as medical expenses, are those which either must be specially pled or can be determined with relative certainty. Wainwright, 00-C-0492 at. 5, 774 So.2d at 74. General damages are inherently speculative in nature and cannot be fixed with any mathematical certainty. These include pain and suffering. Wainwright, 00-0492 at. 5, 774 So.2d at 74, 74; Coco v. Winston Indus., Inc., 341 So.2d 332, 334 (La.1977). The plaintiff has the burden of proving the damage he suffered as a result of the defendant's fault. Wainwright, 00-0492 at 10, 774 So.2d at 77.
The assessment of the appropriate amount of damages by a trial judge or jury is a determination of fact, and entitled to great deference by the reviewing court. In reviewing the factfinder's assessment of general damages, the court does not decide what it considers to be an appropriate award, but rather reviews the record to determine whether the trier of fact abused that discretion. Id. An award by the trial court cannot be disturbed without finding an abuse of discretion, and then it can only lower the award (or raise it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Wainwright, 00-0492 at. 6, 774 So.2d at 74.
In this case, the evidence was uncontradicted that the Plaintiffs were rear-ended by the Defendant's insured while parked in the library parking lot. Thus, they have borne their burden of proof in establishing fault. The trial judge did not make a finding on fault, but concluded that no evidence "whatsoever" other than the Plaintiffs' testimony was produced on damages.
Because the medical records were disallowed, there is no medical evidence to corroborate the Plaintiffs' testimony regarding their injuries, or to establish any amount for actual medical expenses. Since medical expenses must be supported by medical testimony or records, the trial judge did not abuse his discretion in not awarding medical expenses. But, there was uncontradicted evidence of the general damages.
The trial judge, in his reasons, stated that he found the Plaintiffs' attorney's claim that he was unable to obtain the medical records before trial not credible. He did not state that the Plaintiffs' testimony was not credible. And, in reviewing the testimony, there is nothing to indicate that the Plaintiffs were not truthful, or that they exaggerated their injuries. To the contrary, Edmond and Beausejour testified that they incurred short term minor injuries that only required massage therapy and mild pain relievers. Their testimony, *629 without any contradictory evidence, is sufficient to prove by a preponderance of the evidence that they suffered short-term pain and suffering. Thus, the trial judge abused his discretion in failing to award any amount for general damages. Based on these facts, we reverse the finding that the Plaintiffs failed to prove any damages, and award the Plaintiffs $2,500 each for general damages, the lowest reasonable amount reasonably within the discretion of the trial court.
Accordingly, the judgment of the trial court is hereby reversed insofar as it rejects the claim for general damages. We amend the judgment to award the Plaintiffs $2,500 each for general damages.
REVERSED IN PART AND AMENDED TO AWARD GENERAL DAMAGES.
NOTES
[1] There was not a claim by them for property damage, as neither Plaintiff owned the vehicle.