FREDERICKA HOMBERG WICKER, Judge.
| Jn this appeal, we are called upon to decide whether a plaintiff, who has a predisposition for post-traumatic stress, timely filed a petition for workers’ compensation benefits. Because we find that the petition was timely filed, the trial court judgment is reversed, and the case is remanded to the district court.
*933 Factual and Procedural Background
The plaintiff/appellant, Mr. James Gre-goire, was employed as an enforcement agent for the defendant/appellee, Louisiana Department of Wildlife and Fisheries (“the Department”), on August 29, 2005, when Hurricane Katrina devastated the New Orleans area. He joined the Department in 1990, having spent the nine years before that working for the Jefferson Parish Sheriffs Department.
Mr. Gregoire was assigned to assist in the rescue operations during the aftermath of Hurricane Katrina. Quite expect-edly, he witnessed many horrific events during the four-week rescue mission. He managed, however, to block those events, and continue his employment with the Department without incident. Three years after Katrina, Mr. Gregoire was stationed at the Department’s training academy in Baton Rouge, Louisiana on September 1, 2008, in preparation for the |Rlandfall of Hurricane Gustav. Gustav took an unexpected turn and passed directly over the Baton Rouge area where Mr. Gregoire was stationed. He and his colleagues were forced to take shelter in their vehicles, which were parked in the middle of a field. Mr. Gregoire described the experience as “harrowing” as he watched trees and other debris fall all around him. Shortly after September 1, he, for the first time, began reliving the horrific images he witnessed during Hurricane Katrina. He, nevertheless, continued his employment with the Department without incident. On March 23, 2009, Mr. Gregoire was assigned to a hurricane preparedness simulation that occurred on Lake Pontchartrain. The simulation, which mimicked Hurricane Katrina’s rescue mission, triggered more memories of the horrific events that occurred during that time. As a result, he discontinued working with the Department.
Mr. Gregoire filed a 1008 Disputed Claim for Compensation (“1008 compensation claim”) on July 20, 2009, with the Office of Workers’ Compensation. The 1008 compensation claim indicated that the accident occurred on September 1, 2008, and further indicated that the injury was an “[ajggravation of post-traumatic stress due to Hurricane Ike.”.[1] The Department excepted to the petition on August 23, 2010, arguing that the claim had prescribed pursuant to La. R.S. 23:1209. The Department also moved for summary judgment. The trial court granted the exception of prescription, declared the summary judgment motion moot, and dismissed Mr. Gregoire’s 1008 compensation claim with prejudice on October 25, 2010. Mr. Gregoire appeals the trial court’s ruling, arguing that the trial court erred in granting the exception of prescription.
^Discussion
The party urging a peremptory exception of prescription bears the burden of proof. Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust, 09-968 (La.App. 5 Cir. 9/14/10); 51 So.3d 737, 742, citing Onstott v. Certified Capital Corps., 05-2548 (La.App. 1 Cir. 11/3/06); 950 So.2d 744. Only if prescription is evident from the face of the pleadings will the plaintiff bear the burden of showing an action has not prescribed. Id. In the absence of evidence, the objection of prescription must be decided upon the properly pleaded material allegations of fact alleged in the petition, and those alleged facts are accepted as true. Id. Appellate courts strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished when *934 considering a peremptory exception of prescription. Id.
La. R.S. 23:1209(A) provides, in pertinent part,
(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
[[Image here]]
(3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
The 1008 compensation claim, which was filed on July 20, 2009, alleges that Mr. Gregoire’s injury occurred on September 1, 2008 — the date that Hurricane Gustav made landfall. Thus, it is evident from the face of the 1008 compensation claim that Mr. Gregoire’s action has not prescribed because the claim was filed within one year of the alleged date of injury. The Department argues, however, that the injury occurred on August 29, 2005. We disagree.
|fiAs Professor Johnson explained,
[t]he employee who is abnormally susceptible to disability may be so for a variety of reasons. A preexisting disease or condition may help to bring about the actual injury by accident to such a worker, when it would not do so to a worker without such a preexisting deficiency. The most frequent example of this kind of case is the worker with some form of heart deficiency or other cardiac problem which renders him particularly susceptible to a heart attack. Such an attack has been treated as the “accident” which disables him (if in fact he becomes disabled); [however] a worker without such a deficiency might never suffer such an “accident” and would thus not become disabled. (Emphasis Added).
H. Alston Johnson, Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice § 232 (5th ed.2010).
In this case, the events that occurred during the aftermath of Hurricane Katrina were simply the preexisting deficiency that made Mr. Gregoire more susceptible to post traumatic stress disorder. And being trapped inside his vehicle on September 1, 2008, when Hurricane Gustav made landfall, was the “accident” that disabled him. Although Mr. Gregoire continued to work until March of 2009, he testified that memories of Hurricane Katrina resurfaced on September 1, 2008. A claimant who suffers from a pre-existing medical condition .is entitled to benefits if “the accident aggravated, accelerated or combined with the pre-existing condition to produce disability.” Sevin v. Chevrolet, 08-1362, p. 9 (La.App. 1 Cir. 4/30/09), 24 So.3d 879, 885. Thus, Mr. Gregoire’s predisposition to post-traumatic stress disorder manifested itself into a disabling injury on September 1, 2008. We, therefore, find that the 1008 compensation claim was timely filed within one year of the accident. The action, therefore, is not prescribed. The judgment appealed from is reversed, and the case is remanded to the district court.

REVERSED AND REMANDED

JOHNSON, J., dissents with reasons.

. Mr. Gregoire inadvertently stated Hurricane Ike when it should have been Hurricane Gustav.