MARC E. JOHNSON, Judge.
12Plaintiff/Appellant, Vivian M. Clark, appeals a judgment from the 29th Judicial District Court, Division “C,” that denied certain reimbursement claims against the defendants/appellees, Irma Jean Mott Simmons and Joseph Charles Mott, for properties which they co-owned in indivisión. For the following reasons, we reverse in part and affirm as amended.
FACTS AND PROCEDURAL HISTORY
This is the second appeal involving these parties and the immovable properties located along and near U.S. Highway 90 in Des Allemands, Louisiana. The underlying facts of this matter can be found in Simmons v. Clark, 08-431 (La.App. 5 Cir. 1/27/09); 8 So.3d 102, writ denied, 09-416 (La.4/13/09); 5 So.3d 166. In Simmons, this Court reviewed judgments from the trial court that annulled the purported conveyance of the properties in question to Ms. Clark and Malcolm, restoring Ms. Simmon’s and Mr. Mott’s interests in the properties; found that a mortgage in favor of Ameriquest Mortgage did not affect the undivided one-half (1/2) interest of Ms. Simmons and Mr. Mott; found that the actions of Ms. Clark | ¡¡and Malcolm constituted fraud and Ms. Simmons and Mr. Mptt were entitled to attorney’s fees in the amount of $15,000.00 pursuant to La. C.C. art. 1958; and assessed all costs against Ms. Clark and Malcolm. After reviewing the evidence, this Court reversed the trial court on the portion of the judgment that ordered Ameriquest’s mortgage not to affect the undivided one-half interest of Ms. Simmons and Mr. Mott. Id. The judgment was affirmed in all other respects.
Subsequent to the rendering of the opinion in Simmons, supra., Ms. Clark filed a Petition for Reimbursement Claims and Other Relief. In the petition, Ms. Clark alleged she was entitled to reimbursement from Ms. Simmons and Mr. Mott (hereinafter collectively referred to as “the defendants”), as co-owners in indivisión, for their pro rata share of the expenses she expended for house and bar/hall commencing from 2004. In a judgment dated October 22, 2013, the trial court found Ms. Clark was entitled to reimbursement from the defendants for taxes and utilities for the period of 2008-2012. The trial court denied and dismissed Ms. Clark’s other reimbursement claims for taxes and utilities, insurance, mortgage payments and materials and labor used in repairing the properties. Ms. Clark filed the instant *142 appeal, seeking review of the trial court’s October 22, 2013 judgment.
ASSIGNMENTS OF ERROR
On appeal, Ms. Clark alleges the trial court erred in: 1) failing to award reimbursement for the value of the repairs made to the structures; 2) failing to award reimbursement for taxes and utilities paid from 2004-2007; 3) failing to award reimbursement for insurance premiums paid from 2004-2007; and 4) failing to assign a specific dollar amount to the portion of the judgment rendered in her favor.
|4LAW AND ANALYSIS

Reimbursement for Repairs

Ms. Clark alleges the trial court erred in failing to award reimbursement for renovation work performed on the properties by her son, Malcolm, in the amount of $165,832.00. Ms. Clark contends the trial court was erroneous in concluding that the evidence she presented did not prove the renovation supplies were purchased for use in the bar/hall or with the knowledge of the co-owners. She avers that the evidence presented was consistent with the restorations of the structures to a condition consistent with their uses. She further avers the defendants knew about the renovations and never took any action to stop the work, and their consent was not an imperative factor in determining an award for reimbursement. Ms. Clark also contends the trial court was erroneous in failing to follow the provisions of La. C.C. art. 804 and failing to determine whether the work performed by Malcolm was consistent with the use of the properties.
The defendants argue the trial court was correct in its ruling because Ms. Clark failed to prove the value of the enhancements to the bar/hall or the house. The defendants maintain Ms. Clark performed substantial improvements in bad faith that went well beyond the necessary steps for preservation and, in turn, failed to prove that over $133,000.00 was necessary to bring the bar/hall into compliance with the Parish of St. Charles code requirements. The defendants also maintain that Ms. Clark’s admission that she did not pay Malcolm for the renovations and that she and Malcolm did not have any agreement as to how much he would charge for the work proved that she did not incur any expenses necessitating reimbursement.
Pursuant to La. C.C. art. 800, a co-owner may, without the concurrence of any other co-owner, take the necessary steps for the preservation of the thing that is Ifiheld in indivisión. Substantial alterations or substantial improvements to the thing held in indivisión may be undertaken only with the consent of all of the co-owners. La. C.C. art. 804. When a co-owner makes substantial alterations or substantial improvements consistent with the use of the property, though without the express or implied consent of the co-owner, the rights of the parties shall be determined by La. C.C. art. 496. Id. However, when a co-owner makes substantial alterations or substantial improvements inconsistent with the use of the property or in spite of the objections of the co-owners, the rights of the parties shall be determined by La. C.C. art. 497. Id.
La. C.C. art. 496 provides,
When constructions, plantings, or works are made by a possessor in good faith, the owner of the immovable may not demand their demolition and removal. He is bound to keep them and at his option to pay to the possessor either the cost of the materials and of the workmanship, or their current value, or the enhanced value of the immovable.
La. C.C. art. 497 further provides,
When constructions, plantings, or works are made by a bad faith posses *143 sor, the owner of the immovable may keep them or he may demand their demolitions and removal at the expense of the possessor, and, in addition, damages for the injury that he may have sustained. If he does not demand demolition and removal, he is bound to pay at his option either the current value of the materials and of the workmanship of the separable improvements that he has kept or the enhanced value of the immovable.
A co-owner who on account of the thing held in indivisión has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares. La. C.C. art. 806. If the co-owner who incurred the expenses had the enjoyment of the thing held in indivisión, the reimbursement shall be reduced in proportion to the value of the enjoyment. Id.
|fiA trial court is granted wide discretion in assessing the probative value of evidence and is free to accept or reject, in whole or in part, the testimony of any witness. Gregoire v. Louisiana Dept. of Wildlife and Fisheries, 11-321 (La.App. 5 Cir. 4/10/12); 92 So.3d 932, 935 (citation omitted). The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently. Id. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
In its Reasons for Judgment, the trial court found that Ms. Clark failed to put forth sufficient evidence to make it more probable than not that the receipts submitted into evidence were for items purchased by Ms. Clark for the use in the bar/hall. We agree with the trial court. Ms. Clark and Malcolm both testified that Malcolm performed necessary renovations to the house and the bar/hall to bring them up to code standards for St. Charles Parish. Ms. Clark and Malcolm also testified that their oral agreement for payment for the renovation work would be derived from rental profits from the bar/hall, and that Ms. Clark never paid Malcolm for any of the work performed or the materials used for the renovations. Although Ms. Clark, as a co-owner, is correct that she should be entitled to reimbursement from the defendants for their share of the necessary renovations performed on the house and bar/ hall that she paid, the evidence presented at trial showed that Ms. Clark did not actually pay for the renovations to the properties done by Malcolm or for the materials used. Thus, Ms. Clark failed to meet her burden of proving she was entitled to reimbursement from the defendants for the repairs.
Therefore, we do not find the trial court erred in denying Ms. Clark’s reimbursement claims for the renovations to the house and the bar/hall.
| tReimbursement for Taxes and Utilities
Ms. Clark alleges the trial court erred in failing to award her reimbursement for the taxes and utilities she solely paid for the time period ranging from 2004-2007. Ms. Clark argues the trial court was erroneous for two reasons: 1) her sole ownership was declared a nullity, and 2) the trial court misapplied the provisions of La. C.C. art. 806. She avers that Article 806 does not provide for a complete elimination of recovery to an owner who had possession; however, it does provide for recovery from the co-owners subject to a reduction in proportion to the value of the enjoyment. Because the defendants failed to offer -any evidence as to the value of the enjoyment, Ms. Clark insists that she was entitled to an award of the full *144 value of the taxes and utilities for the properties.
Conversely, the defendants argue Ms. Clark was not entitled to the reimbursement of taxes and utilities for the periods between May 2004 and December 2007 because she enjoyed the properties exclusively during that time. Because Ms. Clark enjoyed 100% use of the bar/hall and house, the defendants contend the trial court was correct in denying a reimbursement award for that time period.
The trial court awarded Ms. Clark reimbursement for taxes and utilities for the time period of 2008-2012; however, it denied the reimbursement claims for the time period of 2004-2007. In its Reasons for Judgment, the trial court reasoned that Ms. Clark was not entitled to the claims for 2004-2007 because she exclusively enjoyed the properties. However, we find that rationale to be incorrect.
Although Ms. Clark exclusively enjoyed the -properties, Ms. Clark and the defendants owned the properties in indivisión because the transfer documents were, ultimately, found to be null and void. As cited earlier, a co-owner who | ^incurs a necessary expense for the thing held in indivisión is entitled to reimbursement from the other co-owners subject to the reduction in proportion to the value of the enjoyment of the thing. La. C.C. art. 806. As a result, we find that Ms. Clark is entitled to reimbursement for taxes and utilities from the defendants subject to a 50% reduction in proportion to her enjoyment of the property, which includes the time period from 2004-2007.
Therefore, we find the trial court erred in denying a portion of Ms. Clark’s reimbursement claims for taxes and utilities.

Reimbursement for Insurance Premiums

Ms. Clark alleges the trial court erred in failing to award her any sum for payment of property and liability insurance premiums for the subject properties. She contends that Malcolm’s testimony, along with her corroborating testimony, proved that she paid insurance premiums totaling $39,493.00 from 2004 through the time of the trial. Ms. Clark avers that she was required to pay the insurance premiums because the bank mortgage required insurance for the properties. She argues that the defendants’ reliance on a single inconsistency or seemingly duplicate entry in the evidence she provided should not have outweighed the unrefuted testimonies of her and Malcolm.
In opposition, the defendants argue Ms. Clark was not entitled to reimbursement for any of the insurance premium claims because she failed to meet her burden of proving her entitlement to the reimbursement. The defendants aver that although Ms. Clark claimed she paid a total of $39,493.82 for the insurance premiums, she failed to submit any proof that the premiums were actually paid. The defendants contend that Ms. Clark only submitted invoices, which was insufficient to prove she paid the premiums, and those invoices contained | ¡Inconsistencies. The defendants aver the evidence submitted by Ms. Clark was unreliable, and the trial court’s findings on this issue should not be disturbed.
In support of her reimbursement claim, Ms. Clark submitted insurance invoices and a self-prepared Excel spreadsheet into evidence. Ms. Clark is entitled to the reimbursement of necessary expenses paid to a third party. See, La. C.C. art. 806. However, Ms. Clark failed to submit competent evidence of actual payments of the insurance premiums. Because Ms. Clark failed to submit competent evidence of actual payments, she failed to meet her burden of entitlement to the reimbursement.
Therefore, we do not find the trial court erred in denying Ms. Clark’s reimbursement claims.

*145
Failure to Assign a Specific Dollar Award

Ms. Clark alleges the trial court erred in failing to award a specific dollar amount for the award of reimbursement for taxes and utilities paid by her from 2008-2012. The defendants, in their post-trial memorandum, stated that they neither disputed the fact that Ms. Clark paid taxes on the properties nor the fact that Ms. Clark paid for the utilities. In its judgment, the trial court did not specify a dollar amount to Ms. Clark for her reimbursement award. However, on appeal, we are able to determine the appropriate amount of reimbursement due to Ms. Clark that is consistent with this opinion. Accordingly, we amend the trial court judgment to award Ms. Clark $3,062.53 for taxes and $4,098.63 for utilities paid between 2004-2012 as reimbursement from the defendants.
DECREE
For the foregoing reasons, we reverse in part the judgment of the trial court and affirm as amended. Each party is to bear his/her own costs for this appeal.

REVERSED IN PART; AFFIRMED AS AMENDED.