BARNETTE, Judge.
This is a suit for recognition of ownership and right to possession of eight custom-made dining room chairs. A writ of sequestration was ordered upon the filing of suit and the chairs in question were seized by the sheriff according to law. Thereafter an order was issued which permitted the defendants to obtain release of the chairs sequestered and to regain possession thereof upon posting the required bond. Judgment was rendered in favor of plaintiffs maintaining the writ of sequestration, recognizing plaintiffs’ ownership of the chairs and ordering defendants to surrender possession of same to plaintiffs, and casting defendants for all costs. From this judgment defendants have appealed.
On September 7, 1965, the plaintiffs, Mr. and Mrs. Fabian G. Fromherz, contracted with Joseph Bruno, a cabinetmaker, for eight custom-made dining room chairs of Hepplewhite design for the price of $957.90. They made advance payment of $100 for which receipt was given by Bruno with a statement of the order in his own handwriting showing the balance due to be $857.90. The contract is not denied, and the handwritten notation thereon by Mr. Bruno is acknowledged by his heirs, defendants herein, to be authentic.
Mr. Bruno, who evidently was a highly skilled craftsman, made a specialty of duplicating furniture and had previously made other chairs and dining room pieces of the same design for plaintiffs. This was an order for additional chairs. Joseph Bruno died in August, 1966, just before the finished chairs were to be made ready for delivery.
Plaintiffs made request of Victor Bruno, a son of decedent, who apparently had taken charge of his father’s affairs following his death,, for delivery of the chairs upon the payment of the balance due. Victor Bruno pretended to have no knowledge of the ownership of the chairs and said he would investigate. There is no question in our minds that the chairs had been properly identified and tagged “Fromherz.” After repeated requests for delivery it became apparent, and the record clearly bears this out, that Victor Bruno, individually and as representative of his father’s estate, had no intention then or ever to deliver the chairs to plaintiffs. At this point plaintiffs filed suit claiming ownership and right of possession, and obtained an order for writ of sequestration. Victor Bruno was named defendant. By supplemental and amending petition filed the next day, the Succession of Joseph Bruno, his widow and heirs were made defendants. The chairs were seized by the sheriff in accordance with the writ of sequestration and bonded by defendants under LSA-C.C.P. art. 3507.
Upon defendants’ motions, two separate orders for extension of time to plead were granted. Then a petition for rule to tax plaintiffs for costs and attorney’s fees was denied. A rule for bond for security for cost was granted and plaintiffs complied therewith. Defendants’ exceptions of no cause or right of action, improper cumulation of action, and vagueness were overruled. The plaintiffs’ petition for a judicial sequestration to remove the chairs from defendants’ possession pending trial under LSA-C.C.P. art. 3573, though it appears to have been meritorious, was denied. A new sequestration release bond was ordered and increased from $1,200 to $1,500, with which defendants complied.
*146 In the meantime plaintiffs were having difficulty taking the depositions of Joseph Davis, an employee of Joseph Bruno in the cabinet shop, and Victor Bruno, and were delayed time and again by various objections and failures to keep appointments. Counsel for plaintiffs made several attempts through Victor Bruno’s brother and attorney to arrange for the taking of his deposition to no avail, notwithstanding repeated promises to do so. As a last resort, a petition for rule was filed. After a hearing judgment was granted ordering the deposition of Victor Bruno, naming a notary public, and fixing a time and place.
A reading of the depositions of Davis and Bruno, which were finally taken, clearly reveals the intention of defendants to frustrate and delay by every means possible the orderly proceedings leading to an adjudication of the issues. Answers of the deponents were evasive and argumentative. When pressed for categorical answers they repeatedly had lapses of memory, pretended confusion and misunderstanding of the question.
The judgment of February 24, 1967, overruling defendants’ exceptions failed through inadvertence to include the order orally given from the bench for defendants to file an answer in 10 days. By letter of March 9, plaintiffs’ counsel notified counsel for defendants of his failure to file answer and requested him to do so. There was no response. Plaintiffs then filed on March 22, a motion to require defendants to answer, and an order was issued accordingly ordering them to answer within 10 days. No answer was filed.
On April 24, a preliminary default was entered and plaintiffs’ counsel notified defendants’ counsel by letter of his intention' to confirm according to law. Still no answer was filed and the default was confirmed on May 2, 1967, and judgment was rendered, read, signed, and filed. The depositions referred to above and all other pertinent documents were filed in evidence. The balance of the purchase price for the chairs, $857.90, was deposited in the registry of the-court for payment to defendants upon delivery of the chairs, and the judgment so recites. Copies of the judgment were served on defendants. It is from that judgment that defendants have appealed.
In their brief defendants contend:
“* * * The appellant is entitled td have this matter tried on the merits and in order for this matter to be tried on the merits, the appellee must first file a petition alleging ownership and/or possession of the chairs. Appellee has not done this, he only has filed a petition for a writ of sequestration, alleging in said petition, ownership and possession of the chairs. * *
The substance of appellants’ argument appears to be leveled at the form of plaintiffs’ petition which is headed with the caption “Petition For Writ of Sequestration.” They argue that the petition is merely for the writ of sequestration which is a provisional remedy that cannot determine the issue of the ownership of the chairs. They urge that plaintiffs must initiate a separate action to decide this issue.
This argument is without merit. The petition contains all essential allegations to support the issuance of a writ of sequestration. It also alleges ownership and right to possession. It concludes not only with an appropriate prayer for a judgment maintaining the writ, but also prays for recognition of plaintiffs as owners and entitled to the possession and delivery of the chairs upon payment of the balance of the purchase price.
It might have been more appropriate for the appellees to have used a broader caption indicating the full content of the petition, but the use of the limited caption is not a serious error. There is no doubt that the petition meets the requirements of LSA-C. C.P. art. 854.
*147 As for appellants’ contentions that they have been improperly denied a trial on the merits and that there was an improper cu-mulation of actions, these arguments are so totally lacking in merit that they deserve no further comment.
This was a simple contract of sale whereby the seller agreed to make to order eight chairs for a fixed price. The three essential elements for sale; namely, the thing, the price, and the consent, were clearly expressed and understood between the parties. LSA-C.C. art. 2439. LSA-C.C. art. 2456 provides:
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
It may be that the chairs in question are works of art and worth more than the contract price, which would account for defendants’ steadfast refusal to recognize ownership of plaintiffs and their right to possession. The decedent was evidently a more skillful artisan than he was a businessman, but this is no reason for his heirs to renege on his valid contract.
For these reasons, the judgment of May 2, 1967, in favor of plaintiffs against the defendants, maintaining the writ of sequestration, recognizing plaintiffs as owners of the eight custom-made dining room chairs described and ordering defendants to surrender and deliver same to plaintiffs and receive the balance of the purchase price deposited in the registry of the court, and casting defendants for all costs, is affirmed.
Defendants are cast for cost of this appeal.
Affirmed.